Slip Op. 11-24

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ASAHI SEIKO CO., LTD.**, | |
| Plaintiff, | |
| v. | |
| **UNITED STATES**, | **Before: Timothy C. Stanceu, Judge** |
| Defendant, | **Court No. 09-00415** |
| and | |
| **THE TIMKEN COMPANY**, | |
| Defendant-Intervenor. | |

## <u>OPINION</u>

[Denying plaintiff's motion for judgment on the agency record]

Dated: March 1, 2011

*Riggle & Craven* (*David A. Riggle* and *David J. Craven*) for plaintiff.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Deborah R. King*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge:  Plaintiff Asahi Seiko Co., Ltd. ("Asahi") contests a final determination

("Final Results") issued by the International Trade Administration, U.S. Department of

Commerce ("Commerce," "ITA," or the "Department"), to conclude the nineteenth

administrative reviews of antidumping duty orders on ball bearings and parts thereof (the

"subject merchandise") from France, Germany, Italy, Japan, and the United Kingdom.  Compl.

¶ 1; *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United*

*Kingdom: Final Results of Antidumping Duty Admin. Reviews & Revocation of an Order in Part*,

74 Fed. Reg. 44,819 (Aug. 31, 2009) ("*Final Results*").  Asahi, a Japanese manufacturer and

exporter of ball bearings, requested review of its sales and then withdrew its request for review

after Commerce selected as mandatory respondents a group of four Japanese companies that did

not include Asahi.  *Letter from Asahi to the Sec'y of Commerce* 1-2 (Sept. 25, 2008) (Admin. R.

Doc. No. 13804) ("*Asahi's Withdrawal Request*").  Because sixteen of the nineteen Japanese

respondents for which a review originally was requested withdrew their review requests

(including Asahi and the four mandatory respondents), *Ball Bearings & Parts Thereof From*

*France, Germany, Italy, Japan, & the United Kingdom: Prelim. Results of Antidumping Duty*

*Admin. Reviews & Intent To Revoke Order In Part*, 74 Fed. Reg. 19,056, 19,057 (Apr. 27, 2009),

the Final Results assigned individual dumping margins to each of the three respondents who

remained in the review, *Final Results*, 74 Fed. Reg. at 44,821.  Asahi brings three claims, over

only one of which, a challenge to Asahi's non-selection as a mandatory respondent, may the

court exercise jurisdiction.

Before the court is plaintiff's motion, made under USCIT Rule 56.2, for judgment on the

agency record, which is opposed by defendant and defendant-intervenor.  Mot. for J. on the

Agency R. Submitted by Plaintiff Asahi Seiko Co., Ltd., pursuant to Rule 56.2 of the Rules of

the U.S. Court of International Trade.  In response to plaintiff's motion, defendant seeks

dismissal of the action for lack of jurisdiction and, in the alternative, denial of plaintiff's motion

on the merits.  Def.'s Resp. to Pl.'s Mot. for J. upon the Agency R. 1 ("Def.'s Resp.").  In

support of its motion, Asahi argues that Commerce's selection of the four mandatory

respondents deprived Asahi of an individually-determined margin and of the opportunity to

develop a record of sales at not less than fair value for three years, such as would enable Asahi to

request revocation from the antidumping duty order on ball bearings and parts from Japan.

Mem. in Supp. of the Mot. for J. on the Agency R. Submitted by Pl. Asahi Seiko Co., Ltd.,

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade 11-15 ("Pl.'s Mem.").

It argues, further, that its non-selection as a mandatory respondent unfairly forced it to withdraw

from the review to avoid the "all others" rate for non-selected respondents, which Asahi claims

would have been far in excess of the average of the individual margins it obtained in past

reviews, and that its continued participation in the review would have been futile. *Id.* at 18-20.

The court concludes that Asahi may not obtain relief on this claim, having failed to exhaust its

administrative remedies.

### I. BACKGROUND

On May 5, 2008, Commerce invited requests for reviews of the antidumping duty orders

on ball bearings and parts thereof, for the period of May 1, 2007 through April 30, 2008 ("period

of review," or "POR"). *Antidumping or Countervailing Duty Order, Finding, or Suspended*

*Investigation; Opportunity To Request Admin. Review*, 73 Fed. Reg. 24,532, 24,533 (May 5,

2008). On May 29, 2008, Asahi filed its request for review of its sales. *Letter from Asahi to the*

*Sec'y of Commerce* (May 29, 2008) (Admin. R. Doc. No. 13591). No party other than Asahi

requested a review of Asahi's sales. *Ball Bearings & Parts Thereof from France, Germany,*

*Italy, Japan, & the United Kingdom: Partial Rescission of Antidumping Duty Admin. Reviews*,

74 Fed. Reg. 13,190, 13,191 (Mar. 26, 2009) ("*Rescission Notice*"). On July 1, 2008, Commerce

published a notice ("Initiation Notice") commencing the nineteenth periodic reviews of the

orders. *Initiation of Antidumping & Countervailing Duty Admin. Reviews & Requests for*

*Revocation in Part*, 73 Fed. Reg. 37,409, 37,409-10 (July 1, 2008) ("*Initiation Notice*").  With

respect to the antidumping duty order on Japan, the Initiation Notice identified nineteen Japanese

exporters/producers, including Asahi.  *Id.*

On August 12, 2008, Commerce issued a memorandum ("Respondent Selection

Memorandum") explaining that it had received requests for review of the nineteen

exporters/producers and that one exporter/producer (Mitsubishi Heavy Industries) had submitted

a withdrawal of its request for review.  *Mem. from Program Manager, AD/CVD Enforcement*

*Office 5, to Office Dir., AD/CVD Enforcement Office 5*, at 1-2 (Aug. 12, 2008) (Admin. R. Doc.

No. 13744) ("*Resp't Selection Mem.*").  In this memorandum, Commerce announced that, due to

its workload and the limitations on its resources, "we have determined that we can examine, at

the maximum, four exporters/producers of ball bearings and parts thereof from Japan."  *Id.* at 4.

Commerce also announced that, after collecting from the nineteen exporters/producers quantity

and value information on sales to the United States, Commerce had selected as "mandatory

respondents" the four exporters/producers responsible for the largest volumes of exports during

the POR, which, in alphabetical order, were JTEKT Corporation ("JTEKT"), Nachi-Fujikoshi

Corp. ("Nachi"), NSK Ltd. ("NSK"), and NTN Corporation ("NTN").  *Id.* at 5.  The Respondent

Selection Memorandum stated that "as long as the selected respondents cooperate in this review,

we will not be able to calculate individual rates for other voluntary respondents due to limited

resources" but added that "[i]f we receive a request to review a voluntary respondent we will

examine this matter, taking into consideration available resources and the cooperation of selected

respondents." *Id.*

On September 25, 2008, Asahi withdrew its request for review. *Asahi's Withdrawal*

*Request* 1-2.  On October 3, 2008, Commerce notified remaining interested parties that

Commerce was extending to October 10, 2008 the September 29, 2008 due date for withdrawing

requests for review. *Letter from Office Dir., AD/CVD Enforcement Office 5 to All Interested*

*Parties* 1-2 (Oct. 3, 2008) (Admin. R. Doc. No. 13818); *see* 19 C.F.R. § 351.213(d)(1) (2008)

(allowing parties to withdraw requests for review within ninety days of publication of the

initiation notice).  Commerce did so because each of the four mandatory respondents had timely

withdrawn their requests for reviews and because Commerce "had to identify additional

respondents for individual examination." *Rescission Notice*, 74 Fed. Reg. at 13,191.  As of

September 29, 2008, nine of the nineteen respondents for which a review originally was

requested (including Mitsubishi Heavy Industries) had withdrawn their requests for reviews, six

more withdrew their requests before the extended October 10, 2008 deadline, and one more

withdrew after a further extended deadline. *Id.*

On October 21, 2008, Commerce announced that it would conduct individual

examinations of the three respondents remaining in the review, Edwards Ltd., Japanese Aero

Engines Corp., and Sapporo Precision Products. *Mem. from Program Manager, AD/CVD*

*Enforcement Office 5 to Office Dir., AD/CVD Enforcement Office 5*, at 3-4 (Oct. 21, 2008)

(Admin. R. Doc. No. 13845) ("*Second Resp't Selection Mem.*").  On March 26, 2009, Commerce

rescinded the review as to Asahi and fifteen other respondents. *Rescission Notice*, 74 Fed. Reg.

at 13,191.  Commerce later directed Customs to liquidate entries of Asahi's merchandise at the

cash deposit rate.  *Mem. from Program Manager, AD/CVD Enforcement Office 5 to Officer*

*Director, AD/CVD Enforcement Office 5*, at 2 (Aug. 24, 2009) (Admin. R. Doc. No. 14068).

The Final Results assigned individual dumping margins to all three respondents in the review.

*Final Results*, 74 Fed. Reg. at 44,821.

## II.  DISCUSSION

### A.  The Court May Exercise Jurisdiction Over Only One of Asahi's Claims

Plaintiff invokes the jurisdiction of the Court of International Trade provided in section

201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c) (2006).  The court finds within the

complaint only one claim over which the court may exercise its jurisdiction.  Stated briefly, the

claim is that Asahi, as a result of the Department's mandatory respondent selection decision,

unlawfully was deprived of a dumping margin determined according to its own sales and of the

opportunity to be assigned a margin contributing to Asahi's future revocation from the

antidumping duty order.  All other claims stated in the complaint must be dismissed for lack of a

case or controversy or for lack of standing.

The claims stated in Count 1 of the complaint are not grounded in an actual case or

controversy.  Count 1 alleges that "[t]he administering authority calculated rates for non-

mandatory respondents based on the average of reviewed companies in this review," Compl.

¶ 22, and that "[t]he ITA's calculation of an abnormally high rate for . . . non-reviewed

companies (compared to an actual historical rate) is aberrational and erroneous," *id.* ¶ 25.  These

allegations are false.  The Final Results determined individual margins for all three of the

respondents that remained in the review and, accordingly, did not calculate a rate for respondents

that were not individually examined.  *See Final Results*, 74 Fed. Reg. at 44,821.  Asahi does not

allege, and could not truthfully have alleged, that it was assigned a rate derived from

examinations of other respondents.  Count 1 claims, further, that "[i]n this review, if Asahi were

to have its rate calculated using only the selected producers actually reviewed it would have a

rate of 6.65%, a rate 6 times greater than its actual average calculated rate over the years, and

5 times greater than the 1.28% rate calculated for Asahi in the most recent POR in which it was

reviewed."[1]  Compl. ¶ 23 (footnote omitted).  This claim also is unsupported by an allegation

that Asahi incurred an injury and instead is based on hypothetical harm.  The United States

Constitution grants federal courts power to resolve only disputes that are "cases" or

"controversies."  U.S. Const. art. III, § 2, cl. 1; *see Hein v. Freedom From Religion Foundation,*

*Inc.*, 551 U.S. 587, 597-98 (2007).  Both of the claims stated in Count 1 fail to make out an

actual case or controversy and, therefore, must be dismissed.

     Count 2 of the Complaint alleges that "in selecting a sampling technique in this review,

the ITA did not consider differences in selling and pricing methods."  Compl. ¶ 31.  In

paragraphs 28 and 29, Count 2 claims that "[t]he ITA, in selecting a sampling technique, should

have considered differences in selling and pricing methods," *id.* ¶ 29, and "must take into

account the appropriate factors which distinguish differently situated companies, such as . . .

---

[1] The 6.65% rate to which Count 1 refers is the rate the International Trade
Administration, U.S. Department of Commerce ("Commerce" or the "Department") assigned to
Sapporo Precision Products ("Sapporo") in the final results of the review ("Final Results"),
which assigned a rate of zero to Japanese Aero Engines Corp. and a rate of 73.55% to Edwards
Ltd.  *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United*
*Kingdom: Final Results of Antidumping Duty Admin. Reviews & Revocation of an Order in Part*,
74 Fed. Reg. 44,819, 44,821 (Aug. 31, 2009) ("*Final Results*").  Plaintiff's apparent theory is
that Sapporo's rate is the only rate that was not *de minimis* and not determined according to
adverse inferences from facts otherwise available and, therefore, is the only rate qualifying for
assignment to unexamined respondents under the Department's usual practice.

significantly different average unit values," *id.* ¶ 28.  Because of plaintiff's references to the

Department's "sampling technique," *id.* ¶¶ 29, 31, the court construes Count 2 to contain a claim

challenging as unlawful the Department's decision, as stated in the Respondent Selection

Memorandum, to select JTEKT, Nachi, NSK, and NTN as mandatory respondents.  This is the

same claim that is made in Count 3.  The court construes the claim, based on Counts 2 and 3

when read in the context of the complaint as a whole, to be that Commerce's unlawful selection

of JTEKT, Nachi, NSK, and NTN, but not Asahi, as mandatory respondents adversely affected

Asahi in several ways and entitle Asahi to a remedy upon judicial review.  *See id.* ¶¶ 28-29, 33.

The determination in the Respondent Selection Memorandum, according to this claim,

unlawfully deprived Asahi of an individual margin and thereby also deprived Asahi of the

opportunity to be revoked in the future from the antidumping duty order.  *See id.* ¶¶ 21, 33.  As a

ground in support of this claim, Asahi argues that the unlawful determination of mandatory

respondents subjected it to the risk of being assigned, unlawfully, a rate based on a simple

average of the rates of examined respondents and in so doing unfairly excluded it from the

review.  *See* Pl.'s Mem. 18-19, Compl. ¶ 23.

In paragraph 30, Count 2 also states that "[a] rate calculated based on companies

differently situated is inherently not reliable, relevant, or reasonable." Compl. ¶ 30.  To the

extent Count 2 is stating a separate claim, this claim fails for the same reason the claim in

Count 1 fails.  Count 2 does not allege as a fact that Asahi was assigned a rate calculated

according to a review of other companies, nor could it have made such an allegation based on the

Final Results.

In Count 4, Asahi alleges that "[b]y the application of sampling in this review the ITA effectively denied non-producing exporters the right to have a rate based on their own data," *id.* ¶ 39, that "ITA failed to follow its policy to actually review resellers, *id.* ¶ 42, and that "[n]ot actually reviewing resellers directly contradicts ITA's rationale for adopting its reseller policy," *id.* ¶ 40. Asahi does not allege that it was a non-producing exporter ("reseller") and instead asserts standing as a manufacturer in Japan of the subject merchandise. *Id.* ¶ 3. Any harm occurring to resellers does not suffice to establish Asahi's standing to sue on the claim stated in Count 4, which therefore must be dismissed for lack of jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

The court concludes that it has jurisdiction over the challenge to the mandatory respondent selection determination that is stated in paragraphs 28 and 29 of Count 2 and in Count 3. Defendant argues to the contrary, advocating that this entire case must be dismissed for lack of jurisdiction. According to defendant, the case is moot because all of the entries of Asahi's merchandise subject to the review have been liquidated. Def.'s Resp. 8. Defendant also argues that the case is moot because "the Final Results did not cover Asahi," Commerce having rescinded the review as to Asahi after Asahi withdrew its request for review. *Id.* at 10-11.

Defendant's mootness argument lacks merit. So long as an individual examination of Asahi's sales in the nineteenth review of the order pertaining to Japan could result in a zero or *de minimis* margin, and so long as such a margin could contribute to a possible revocation of that order as to Asahi, the liquidation of the entries of Asahi's merchandise will not moot this case. *See Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1341-42 (Fed. Cir. 2008); *Hylsa, S.A. v. United States*, 31 CIT 52, 56, 469 F. Supp. 2d 1341, 1345-46 (2007).

Nor is defendant correct that this case is mooted by the fact that the Final Results, as a consequence of Asahi's withdrawal from the review, do not assign a margin to Asahi.  Were Asahi to succeed on the merits of its claim challenging as unlawful the determination in the Respondent Selection Memorandum that adversely affected it, this court would have the power to award meaningful relief through a remand ordering Commerce to determine Asahi's individual margin.[2]  The fact that the Final Results, due to Asahi's withdrawal from the review, assign no margin to Asahi does not, by itself, preclude any possibility of such relief, which would be directed to the consequences of the determination in the Respondent Selection Memorandum.[3]  This case presents the question of whether, on the merits of its surviving claim, Asahi is entitled to some form of relief by which an individual examination of Asahi's sales could occur.  Because that is a live question, not a moot one, the court is required to reach the merits of Asahi's claim rather than dismiss the claim on jurisdictional grounds as moot.

Defendant also seeks dismissal for an alleged lack of standing.  Defendant maintains that "the purported injury to Asahi is entirely speculative" as "[t]his is not a case where Asahi can

---

[2] Plaintiff Asahi Seiko Co., Ltd. ("Asahi") did not ask for this specific form of relief.  The court nevertheless considers whether any form of relief is available on Asahi's claim.  *See Ad Hoc Shrimp Trade Action Comm. v. United States*, 515 F.3d 1372, 1382 (Fed. Cir. 2008).

[3] Although the determination set forth in Commerce's August 12, 2008 issuance on mandatory respondent selection ("Respondent Selection Memorandum") was not the Department's last word on respondent selection, plaintiff may challenge it by subjecting the Final Results to judicial review, during which the court must "hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record or otherwise not in accordance with law."  Tariff Act of 1930 ("Tariff Act" or the "Act"), § 516A(b)(1), 19 U.S.C. § 1516a(b)(1) (2006).  The determination selecting mandatory respondents was never reversed by the Department, and it affected the Final Results, at least in that had Asahi been included among the mandatory respondents, it would have been in a position to receive an individual examination of its sales.  As are other agency findings and determinations contained in the Final Results, that determination is reviewable by the court.

demonstrate two years of *de minimis* margins." Def.'s Resp. 10-11. This argument is meritless.

Because a zero or *de minimis* margin would be relevant to a future revocation of the order as to

Asahi, a "legal interest" of Asahi's was affected by the determination in the Respondent

Selection Memorandum and remains at stake in this litigation. *See Gerdau*, 519 F.3d at 1341.

Having experienced an injury in fact, Asahi need not demonstrate for standing purposes that a

zero or *de minimis* margin in the review would qualify it immediately for possible revocation.[4]

        Defendant argues, further, that any injury that Asahi incurred was the result of Asahi's

withdrawing its request for review, not an action by Commerce: "Put simply, a party cannot

cause itself harm (by withdrawing from a review) and then endeavor to use that harm as a basis

for obtaining standing to bring a suit against the Government." Def.'s Resp. 11. The court

rejects this argument as well.

        According to defendant's position on standing, a prospective plaintiff who was not

selected as a mandatory respondent is invariably required to remain in a review until the end,

even where, for example, there is no possibility of its obtaining its own rate as a voluntary

respondent. A respondent in that circumstance could never obtain judicial review of an adverse,

and possibly unlawful, respondent selection decision without subjecting itself to a rate not based

on its own sales, even though it experienced an injury in fact as a result of the adverse action

prior to making the decision to withdraw its request for review, and even though the statute, in

---

        [4] Asahi needs at least two individually determined zero or *de minimis* margins within a
three-year period in order to seek revocation. *See* 19 C.F.R. § 351.222(b)(2) (2008) (requiring
three years of sales at not less than fair value) & § 351.222(d)(1) ("The Secretary need not have
conducted a review of an intervening year.").

section 777A of the Tariff Act of 1930 ("Tariff Act" or the "Act"), 19 U.S.C. § 1677f-1(c)

(2006), provides it the qualified right to its own rate.[5]

Moreover, accepting defendant's argument on standing would require that the court

ignore certain facts of this case which, because they bear on the question of standing, must be

considered to be jurisdictional facts.  Among those facts are that the determination of mandatory

respondents in the Respondent Selection Memorandum excluded Asahi and that the Department,

in that memorandum, included specific language casting serious doubt on the prospect that Asahi

would achieve its goal of attaining its own rate in the review.  When considered alongside the

Department's established practice of calculating margins for unexamined respondents using a

simple average of the qualifying rates for examined respondents, the Respondent Selection

Memorandum signified at the time that Asahi, were it to remain in the review, stood little chance

of escaping a margin not based on its own sales.  *See* Pl.'s Mem. 18.  Because such a rate would

have served as a deposit rate going forward as well as an assessment rate, there is no question

that Asahi's withdrawal from the review, in the circumstances shown by the uncontested facts,

was less than voluntary and was a consequence of the very administrative determination it is

challenging in this litigation.  *See id.*  The court, therefore, must reject defendant's argument that

the injury in fact incurred by Asahi was caused solely by Asahi and not by governmental action.

---

[5] Under section 777A of the Tariff Act, 19 U.S.C. § 1677f-1(c), a respondent in an administrative review has a qualified right to a rate determined upon its own sales.  Because the purpose of section 751(a) of the Tariff Act, 19 U.S.C. § 1675(a), is to determine whether, and to what extent, a respondent's U.S. sales relating to entries during the period of review are made below normal value, the authority granted to Commerce by § 1677f-1(c)(2) not to examine each respondent must be construed narrowly as an exception to a broad and fundamental principle. *See* 19 U.S.C. § 1675(a)(2)(A); *Zhejiang Native Produce & Animal By-Products Import & Export Corp. v. United States,* 33 CIT __, __, 637 F. Supp. 2d 1260, 1264-65 (2009)*; Carpenter Tech. Corp. v. United States*, 33 CIT __, 662 F. Supp. 2d 1337 (2009)*.*

In summary, the adverse effects Asahi experienced at the time of, and as a direct result of, the determination the Department announced in the Respondent Selection Memorandum suffice as an injury in fact for standing purposes despite Asahi's subsequent withdrawal from the review.  *See Lujan*, 504 U.S. at 560-561; *Asahi Seiko Co. v. United States*, 33 CIT __, __, Slip Op. 09-131, at 7-8 (Nov. 16, 2009) ("*Asahi I*").

In contesting the final results of the previous (eighteenth) administrative review of the antidumping duty orders, Asahi brought essentially the same claim it is bringing here, over which the court found that Asahi had standing despite Asahi's having withdrawn its request for review.  *See Asahi I*, 33 CIT at __, Slip Op. 09-131, at 5-8.  As it concluded in that case, the court concludes here that Asahi was adversely affected by a determination the Department made in the review.  But for the determination to select only JTEKT, Nachi, NSK, and NTN, and not Asahi, as mandatory respondents, Asahi would have been in a position to be assigned its own margin, which may have been a zero or *de minimis* margin.  As it did in *Asahi I*, the court analyzes the question of Asahi's withdrawal from the review in this case as one of exhaustion of administrative remedies, not one of jurisdiction.

In summary, the complaint contains only one claim over which the court may exercise jurisdiction.  That claim challenges as unlawful the Department's determination not to include Asahi as one of the four mandatory respondents that were selected and announced in the Respondent Selection Memorandum.  In support of its USCIT Rule 56.2 motion, Asahi offers various grounds in support of this claim.  Plaintiff contends, *inter alia*, that Commerce "failed to address the issue of how the antidumping duty law could allow Asahi [to] be revoked from the

antidumping duty order where it is not a mandatory respondent,"[6] Pl.'s Mem. 3, acted arbitrarily

and capriciously in selecting mandatory respondents, *id.* at 5, unlawfully failed to consider that

Asahi was not similarly situated to the selected respondents and that "[t]here is a clear distinction

in the average unit values for the mandatory respondents and Asahi," *id.* at 6, acted contrary to

the antidumping statute in limiting the number of examined respondents, *id.* at 8-9,

impermissibly failed to consider Asahi's arguments on respondent selection, *id.* at 11,

"prevented the record from being complete" by failing to consider those arguments, *id.*, and

through its unlawful selection of mandatory respondents unfairly excluded Asahi from the

administrative review, *id.* at 16.

        B.  Asahi Failed to Exhaust its Administrative Remedies on its Surviving Claim

       In section 301 of the Customs Courts Act of 1980, Congress directed the Court of

International Trade to require the exhaustion of administrative remedies where appropriate.

28 U.S.C. § 2637(d) (2006).  In adjudicating Asahi's claim challenging the Department's

respondent selection decision in the eighteenth review of the order on Japan, the court denied

relief to Asahi on the ground that Asahi, having withdrawn from the review, did not exhaust its

administrative remedies before the Department.  *Asahi Seiko Co. v. United States*, 34 CIT __, __,

---

[6] This argument is the same as or similar to an argument the court discussed in *Asahi Seiko Co. v. United States*, 34 CIT __, __, Slip Op. 10-127, at 11-13 (Nov. 12, 2010) ("*Asahi II*"), which pertained to the parallel claim Asahi made in contesting the final results of the prior administrative review.  In that case, as it does here, Asahi sought as a remedy "that the court 'remand this action to the Commerce Department to reconsider an appropriate method under law by which a non-mandatory respondent may be revoked from a finding absent a review, using the company's own data.'"  *Id.* at __, Slip Op. 10-127, at 7 (quoting plaintiff's USCIT Rule 56.2 motion and proposed order).  As the court concluded in *Asahi II*, the Department's regulations (which were not challenged in the prior case and are not challenged in the case at bar) preclude revocation of an order as to an exporter or producer absent individual examinations of the sales of the exporter or producer.  *See* 19 C.F.R. § 351.222(b)(2)(i)(A).

Slip Op. 10-127, at 11-13 (Nov. 12, 2010) ("*Asahi II*").  On similar record facts, the court

reaches the same conclusion in this case.

In the Final Results, Asahi was not assigned a margin–individual or otherwise–because

of its timely withdrawal of its request for review on September 25, 2008.  *See Asahi's*

*Withdrawal Request* 1-2.  Because only Asahi had requested a review of Asahi's sales,

Commerce rescinded the review as to Asahi, as provided for in the Department's regulations.

*See* 19 C.F.R. § 351.213(d)(1).  Asahi withdrew from the review rather than taking steps

available to it for seeking its own rate, which involve seeking voluntary respondent status under

section 782(a) of the Act, 19 U.S.C. § 1677m(a).  The court concludes, therefore, that Asahi

failed to exhaust its administrative remedies on its claim that the Department's determination not

to select Asahi for individual examination, as set forth in the Respondent Selection

Memorandum, deprived Asahi of an individual margin.

Asahi argues, unpersuasively, that it did exhaust its administrative remedies, pointing out

that "Asahi presented its respondent selection arguments to the Department administratively in

response to the Department's solicitation of comments on the issue and in a case brief."  Reply

of Pl. Asahi Seiko Co., Ltd. 4 ("Pl.'s Reply"); *See Letter from Asahi to the Sec'y of Commerce*

(July 22, 2008) (Admin. R. Doc. No. 13731) ("*Asahi's Resp't Selection Comments*"); General

Issues Case Br. of Asahi Seiko Co., Ltd. (June 18, 2009) (Admin. R. Doc. No. 1365).  Although

Asahi objected to the Department's respondent selection decision during the review, it did not

pursue the remedy available to it for obtaining its own rate.  *See* 19 U.S.C. § 1677m(a).

C.  Asahi Does Not Qualify for an Exception to the Exhaustion Requirement

Asahi argues that one or more exceptions to the exhaustion requirement apply on the facts of this case and allow Asahi, despite having withdrawn its review request, to obtain relief. Pl.'s Mem. 16 ("That Asahi withdrew its request for review after it was not selected as a mandatory respondent does not mean that it cannot obtain judicial review of its claim that it was unfairly excluded.").  The court concludes that none of the exceptions to the exhaustion requirement applies in the circumstances of this case.

Plaintiff argues that its continued participation in the review would have been futile because Commerce had "no intention of reviewing Asahi as a mandatory respondent in this or any other review . . . ."  *Id.* at 18.  According to Asahi, "there was no possibility that [the] Department would change its ruling on respondent selection methodology–the largest volume of subject merchandise" and thus "even if selected mandatory respondents withdrew from the review, it is mere speculation that Asahi might have been selected."  Pl.'s Reply 8.

The futility exception to the exhaustion requirement is a narrow one, requiring parties to demonstrate that they "'would be required to go through obviously useless motions in order to preserve their rights.'"  *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007) (quoting *Bendure v. United States*, 554 F.2d 427, 431 (Ct. Cl. 1977)).  This is a showing plaintiff cannot make.  Nothing Commerce said can be construed to mean that Asahi lacked any chance of ever receiving its own rate in the review.  The Department stated in the Respondent Selection Memorandum that "as long as the selected respondents cooperate in this review, we will not be able to calculate individual rates for other voluntary respondents due to limited resources," adding that "[i]f we receive a request to review a voluntary respondent we will examine this

matter, taking into consideration available resources and the cooperation of selected

respondents."[7]  *Respondent Selection Mem.* 5.  Just after Commerce issued the Respondent

Selection Memorandum on August 12, 2008, Asahi's prospects for receiving its own rate

admittedly were dim, but the court cannot conclude from the Respondent Selection

Memorandum that as of that time it would have been obviously useless for Asahi to remain in

the review and to pursue, if necessary, voluntary respondent status.  Nor does the record reveal

any other statement by the Department, up until Asahi's filing its request for withdrawal on

September 25, 2008 (or even thereafter) that would support the futility exception.[8]  "The mere

fact that an adverse decision may have been likely does not excuse a party from a statutory or

regulatory requirement that it exhaust administrative remedies."  *Corus Staal*, 502 F.3d at 1379.

Asahi also invokes an exception to the exhaustion requirement based on irreparable

harm, arguing that "had Asahi continued in the review as a respondent it would have suffered a

---

[7] When Commerce chooses for individual examination fewer than all respondents, the statute requires Commerce to establish individual margins for additional, "voluntary" respondents if two conditions are met.  Tariff Act, § 782(a), 19 U.S.C. § 1677m(a).  First, a voluntary respondent must submit the same information that Commerce required of the mandatory respondents and by the same deadline.  19 U.S.C. § 1677m(a)(1).  Second, the number of voluntary respondents must not be "so large that individual examination . . . would be unduly burdensome and inhibit the timely completion of the investigation."  *Id.* § 1677m(a)(2).

[8] Developments subsequent to Asahi's filing its withdrawal request proved that Asahi's remaining in the review would have been anything but futile.  Commerce determined individual margins for all three of the remaining respondents.  *Final Results*, 74 Fed. Reg. at 44,821.  Commerce even indicated that it had sufficient resources to review four respondents, which suggests that Asahi would have received an individual rate as well had it stayed in the review.  *See Mem. from Program Manager, AD/CVD Enforcement Office 5 to Office Dir., AD/CVD Enforcement Office 5*, at 3-4 (Oct. 21, 2008) (Admin. R. Doc. No. 13845) ("*Second Resp't Selection Mem.*").  Because Asahi, at the time of its withdrawal, was not justified in concluding that its remaining in the review would have been futile, it is unnecessary for the court to consider these subsequent developments in rejecting Asahi's futility argument.

serious risk of irreparable injury" and that "[i]f it had continued, Asahi would have been

assigned an antidumping margin based on the average calculated rate for the mandatory

respondents, 6.65%." Pl.'s Mem. 18.  Asahi is arguing, essentially, that its obtaining judicial

review of the unfavorable respondent selection decision should not come at the risk of being

assigned a rate determined according to the sales of other respondents.

 As the court observed in resolving the exhaustion issue presented by Asahi's challenge to

the final results in the previous review, "Asahi may well have preferred to know whether it

would be granted voluntary respondent status before it was required to make a decision on

whether to withdraw its review request" and that "[a] procedure under which Asahi would have

had that option would appear to be superior, from the standpoint of fairness" to what transpired

in that case. *Asahi II*, 34 CIT at __, Slip Op. 10-127, at 15.  In this case as well, principles of

fairness would have been served had Asahi been able to receive a final decision on whether it

would obtain its own rate in the review, such as by being selected as a voluntary respondent,

before it made the decision to withdraw, which it did on September 25, 2008, only four days

prior to the September 29, 2008 due date for withdrawals of review requests.  Asahi has shown

that being assigned a rate based on the sales of other parties likely would work a hardship given

Asahi's history of being assigned relatively low margins in prior reviews of the Japan order.

Even so, the court concludes, as it did with respect to the prior review, that the circumstances of

this case do not excuse the failure to exhaust. *See id.* at __, Slip Op. 10-127, at 13-17.  Asahi

grounds its irreparable harm argument in the dilemma caused by the Department's August 12,

2008 decision not to select it as a mandatory respondent and the then-looming September 29,

2008 deadline for withdrawing from the review.  However, Asahi made no attempt to bring the

dilemma to the Department's attention and seek a solution.  For example, Asahi could have, but

did not, request an extension of the September 29, 2008 due date that may have allowed it to

obtain a final decision on selection as a voluntary respondent prior to the point at which the

Department would no longer permit Asahi to withdraw its request for review.  The court cannot

know how Commerce would have responded to such a request, but it notes that the Department's

regulations provide that the Secretary of Commerce may extend the ninety-day time period for

withdrawing requests for review "if the Secretary decides that it is reasonable to do so."

19 C.F.R. § 351.213(d).  The court concludes that, in these circumstances, it is not appropriate to

relieve Asahi from the exhaustion requirement on the basis of irreparable harm or similar

considerations of equity and fairness.

  Plaintiff also argues that the court should excuse it from exhaustion because "the

Department's limitation of the selection of respondents was found not to be in accordance with

the antidumping law" in a judicial decision issued after the administrative review that is the

subject of this case.  Pl.'s Mem. 17 (citing *Zhejiang Native Produce & Animal By-Products

Import & Export Corp. v. United States*, 33 CIT __, __, 637 F. Supp. 2d 1260, 1264-65 (2009)).

The "intervening judicial decision" exception to the exhaustion requirement is unavailing here.

*Zhejiang* held that the statute allowing Commerce to review fewer than all respondents for which

a review was requested, 19 U.S.C. § 1677f-1(c)(2), "focuses solely on the practicability of

determining individual dumping margins based on the large number of exporters or producers

involved in the review at hand" and that "Commerce cannot rewrite the statute based on its

staffing issues."  *Zhejiang*, 33 CIT at __, 637 F. Supp. 2d at 1263-64.  Asahi's failure to exhaust

occurred upon Asahi's withdrawal from the review and its failure to seek voluntary respondent

status.  It was not the result of Asahi's failure to object during the review to the Department's

determination on the selection of mandatory respondents.

Finally, Asahi argues that the "pure legal question" exception to the exhaustion

requirement applies in this instance because "[i]n this case the question is one of law, whether

Commerce may, based on the record of this case, refuse to review Asahi."  Pl.'s Mem. 17.  The

court rejects this argument.

First, the premise of the argument, that Commerce refused to review Asahi, is not entirely

correct.  Commerce's decision selecting mandatory respondents did not name Asahi as one of the

mandatory respondents, but it does not follow from this record fact that Commerce refused to

review Asahi.  Had Asahi remained in the review, it may well have been individually examined.

Second, Asahi's claim raises more than one question.  Because Commerce, in the

Respondent Selection Memorandum, decided, entirely apart from the total number of exporters

and producers for which review had been requested, that its available resources allowed it to

review only four mandatory respondents, Asahi's sole remaining claim may be construed to raise

a pure legal question, *i.e.*, the question of whether Commerce impermissibly construed 19 U.S.C.

§ 1677f-1(c)(2) to provide that any number larger than four can be "the large number of

exporters or producers involved in the . . . review."  The court finds within Asahi's memorandum

in support of its USCIT Rule 56.2 motion a statutory construction argument addressing this pure

legal question.  *See* Pl.'s Mem. 18 (citing *Zhejiang*, 33 CIT __, __, 637 F. Supp. 2d at 1264-65).

But it would be a mistake to construe Asahi's claim to raise *only* this pure legal question.  The

actual claim Asahi is pursuing, as stated in Counts 2 and 3 of the complaint and as expounded in

its memorandum in support of its USCIT Rule 56.2 motion, delves into factual issues implicating

the evidence on the administrative record.  For example, Asahi claimed that in selecting

mandatory respondents Commerce failed to "take into account the appropriate factors which

distinguish differently situated companies, such as . . . significantly different average unit

values," Compl. ¶ 28, and "differences in selling and pricing methods," *id.* ¶ 31.  Asahi argues in

support of its motion that Commerce's refusal to select Asahi as a mandatory respondent ignored

"conditions regarding exporters, such as Asahi, which were not similarly situated" to the selected

respondents and disregarded the alleged record fact that "[t]here is a clear distinction in the

average unit values for the mandatory respondents and Asahi."  Pl.'s Mem. 6.  It also argues that

the Department's conclusion that it was reasonable to select as mandatory respondents only four

producers/exporters based on export volumes was unreasonable, that the Department "must

make an adequate showing" for any determination to limit the number of respondents, and that

the Department failed to explain adequately why it could not review a much larger number of

respondents, as it had in prior reviews of the order, in which it examined twelve respondents.  *Id.*

at 8-9.  Any fair consideration of Asahi's claim, considered as a whole, compels the conclusion

that this claim encompasses more than a pure legal question.

     For the various reasons discussed above, the court declines to exercise its discretion to

excuse plaintiff's failure to exhaust administrative remedies according to an exception based on

futility, irreparable harm, an intervening judicial decision, or a pure legal question.

### III. CONCLUSION

Asahi did not exhaust its administrative remedies on the only claim for which the court

may exercise jurisdiction in this case, and the court finds no basis to excuse this failure to satisfy

the exhaustion requirement.  The court will deny plaintiff's motion for judgment upon the

agency record and, in accordance with USCIT Rule 56.2(b), enter judgment for defendant.


   /s/ Timothy C. Stanceu   
Timothy C. Stanceu
Judge

Dated: March 1, 2011
      New York, New York

Slip Op. 11-24

## UNITED STATES COURT OF INTERNATIONAL TRADE

**ASAHI SEIKO CO., LTD.**,

      Plaintiff,

      v.

**UNITED STATES**,

      Defendant,

      and

**THE TIMKEN COMPANY**,

      Defendant-Intervenor.

**Before: Timothy C. Stanceu, Judge**

**Court No. 09-00415**

## JUDGMENT

For the reasons set forth in *Asahi Seiko Co. v. United States*, 35 CIT __, Slip Op. 11-24

(March 1, 2011), regarding *Ball Bearings & Parts Thereof From France, Germany, Italy, Japan,*

*& the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Revocation of an*

*Order in Part*, 74 Fed. Reg. 44,819 (Aug. 31, 2009), and upon consideration of all submissions

and proceedings herein, it is hereby

**ORDERED** that plaintiff's motion for judgment on the agency record be, and hereby is,
DENIED; it is further

**ORDERED** that, in accordance with USCIT Rule 56.2(b), judgment be, and hereby is,
entered for defendant on plaintiff's claim that the decision of the International Trade
Administration, U.S. Department of Commerce regarding selection of mandatory respondents
unlawfully denied plaintiff the opportunity to be assigned an antidumping duty margin based on
its own sales; and it is further

**Court No. 09-00415**                                                                                  **Page 2**

      **ORDERED** that all other claims in this case be, and hereby are, DISMISSED for lack of jurisdiction.

                               /s/ Timothy C. Stanceu
                                 Timothy C. Stanceu
                                 Judge

Dated: March 1, 2011
        New York, New York